UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

ERIC ANDREW PEREZ,

                    Plaintiff,

              v.

ROBERT L. CAPERS, Attorney General Eastern District;[1] MS. ANTOINETTE, Attorney General's Office Eastern District; MS. PHELPS, ADA Eastern District; CINDY F. INTSCHERT, Attorney General Jefferson County; FRANK SEMINERIO, ADA Jefferson County; MR. NEDDO, Attorney Jefferson County; SHERIFF BURNS, Jefferson County; DEPUTY MEZACOLA, Jefferson County Sheriff's Department; JUDGE TODD, Jefferson County; JOHN DOE 1, Court Officer Jefferson County; JOHN DOE 2, Court Officer Jefferson County; RICHARD M. SPACE, JR.; ERIN BARTEL; GINA SUAREZ; CRISTINA DELEON ACOSTA; MR. ACOSTA; JOHN DOE, employee of Neustar Incorporated; RICK MOORE; UNKNOWN MEMBERS OF THE SID; JOHN DOE New York State Correctional Officers; ANTHONY J. ANNUCCI, Commissioner of New York State Department of Corrections; DONALD D. FRIES, New York State Department of Corrections Executive Clemency Board; ERIC SCHNEIDERMAN, Attorney General of New York; ALVIN L. BRAGG, AG Social Justice,

                    Defendants.

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
17-CV-1391 (MKB)

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff Eric Andrew Perez, proceeding *pro se*, filed the above-captioned action on March 10, 2017, against multiple public officials affiliated with the United States Attorney's Office for the Eastern District of New York, the Jefferson County Sheriff's Department and the

---

[1] Bridget Rohde replaced Robert L. Capers as Acting United States Attorney for the Eastern District of New York on March 11, 2017. The Court uses the original caption as filed.

New York State Department of Corrections, as well as numerous private individuals. (Compl., Docket Entry No. 1.) The Court grants Plaintiff's request to proceed *in forma pauperis* for the limited purpose of this Order and dismisses the Complaint for the reasons set forth below. Plaintiff's requests for immediate injunctive relief and for the appointment of *pro bono* counsel are denied as moot.

**I. Background**

Plaintiff brings claims pursuant to 42 U.S.C. section 1983, as well as nearly every provision of the New York State and United States Constitutions, the Universal Declaration of Human Rights, criminal codes that prohibit the unauthorized removal of classified documents, various executive orders and numerous provisions of the United States Code. (*See id.* ¶¶ 27–49.)

Plaintiff's claims stem from a past criminal proceeding against him in Jefferson County in which he was prosecuted for, and pled guilty to, criminal contempt in the first degree for striking his wife in violation of an order of protection. (*See* Tr. of Pl. Sentencing at 9:1–11, annexed to Compl. as Ex. 1.) Plaintiff pled guilty on February 14, 2012, and asserts that in November of 2016, he discovered a video on YouTube titled "British Virgin Islands – Soggy Dollar Beach Bar" that provides "evidence that there is an ongoing criminal conspiracy against [him]." (Compl. ¶¶ 51–53.) According to Plaintiff, the video includes images of his ex-wife and other family members and acquaintances whom Plaintiff recognizes "even with their backs turned toward the camera." (*Id.* ¶¶ 54, 56.) Plaintiff states that the video, which was posted to YouTube two days before Plaintiff's sentencing on February 28, 2012, supports his argument that his ex-wife "concocted the incident of August 4, 2011 to entrap and dispose of [him] upon the orders of these coconspirators." (*Id.* ¶ 60.) Since his release from custody, "every situation that [Plaintiff] has been in has been set up by these conspirators." (*Id.* ¶ 91.) Plaintiff alleges that his Section 8 housing voucher was affected and that he was "forced to travel afoot and on mass transportation while others drive." (*Id.* ¶¶ 94, 96.) Plaintiff also alleges that his home is

2

being used by "spies and informants . . . using [his] garage to smuggle people, equipment, to illegally wiretap, and provide information to various companies, law enforcement, and others . . . to engineer the populace against [Plaintiff]." (*Id.* ¶ 99.) Plaintiff states that although he previously brought these claims to the attention of the United States Attorney's Office for the Eastern District of New York, they have gone unaddressed. (*Id.* ¶¶ 107–17.) The Complaint requests various forms of declaratory and injunctive relief and monetary damages. (*Id.* at "Relief Requested," 26–27.)

On March 23, 2017, Plaintiff filed an "*ex parte* motion for order to show cause for preliminary injunction and temporary restraining order." (Pl. Mot. for TRO, Docket Entry No. 5.) Although the motion names different defendants[2], it raises the same "video evidence proving [Plaintiff] was falsely incarcerated, maliciously prosecuted, and continuously tortured inside and outside of his residences since his release from prison." (*Id.* at 3–4.) The motion also reiterates and expands upon Plaintiff's claims about surveillance of his residence and electronic devices. (*Id.* at 11.) Plaintiff seeks an unidentified restraining order against the new defendants, requests a transfer of housing out of Staten Island to a different borough of New York and demands that "Defendant American Storage be prevented from auctioning off [his] storage which contains valuable legal paperwork and other items that have been ordered illegally repossessed by these same coconspirators." (*Id.* at 15.) Plaintiff attaches to the motion copies of photographs of light fixtures and heating units that have allegedly been modified to install listening devices and cameras. (*Id.* at 7.)

---

[2] The motion names as defendants the New York Police Department, "SIS Unit," "Unknown Narcotics Officers, Clear Channel & Associates, Carlos Santana, Hadads, Unknown Foreign Services, Defy Ventures, Polk County Sheriff's Department, Jefferson County Sheriff's Department, Unknown Religious Organizations, Damon Davenport, DARE, Spring, Tim Spano, [the Department of Defense and] American Storage." (Pl. Mot. for TRO.)

3

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

A claim is "frivolous" when it lacks "an arguable basis in either law or fact." *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 120 (2d Cir. 2015) (internal quotation marks omitted) (quoting *Denton v. Hernandez*, 504 U.S. 25, 31 (1992)). A court should dismiss an action as frivolous when "either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Bev. Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations and internal quotation marks omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33.

### b. Plaintiff fails to state a claim

Although the Court is sympathetic to Plaintiff's distress, Plaintiff's claims are frivolous and cannot be remedied in federal court. Plaintiff claims that a YouTube video of activities on a beach in the British Virgin Islands depicts multiple unconnected individuals from his life and proves that his criminal prosecution was a conspiracy. His allegations "lack[] an arguable basis in either law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the Court accordingly dismisses the Complaint, *see* 28 U.S.C. § 1915(e)(2)(B)(i).[3]

## III. Conclusion

For the reasons set forth above, the Complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Plaintiff's requests for the appointment of *pro bono* counsel and for immediate injunctive relief are denied as moot. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to close this case.

SO ORDERED:

s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: March 28, 2017
      Brooklyn, New York

---

[3] Although the Court would ordinarily grant a *pro se* plaintiff leave to amend the Complaint, Plaintiff's frivolous factual allegations cannot be remedied through more specific pleading, *see Denton v. Hernandez*, 504 U.S. 25, 34 (1992), and the Court therefore does not grant leave to amend in this case.